**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

| | |
|---|---|
| EUGENE MORRIS, REG #21068-009 | PLAINTIFF |
| v.      2:12-cv-00146-JLH-JJV | |
| JOHN DOES, 1-3 Unknown Officers, FCI-Forrest City | DEFENDANTS |

**ORDER**

Plaintiff is a Bureau of Prisons (BOP) inmate. He filed this action *pro se* pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] alleging the Defendants violated his constitutional rights. (Doc. No. 1).

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir.1985).

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

1

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must also weight all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

In his Complaint, Plaintiff did not identified the Defendants he refers to as "John Does 1-3" (Doc. No. 1), but states they are correctional officers at FCI Forrest City.  (*Id.*)  After careful review, the Court finds, for screening purposes only, that Plaintiff states a claim against these Defendants. However, the Court cannot order service on them until their identities and mailing addresses are determined.  *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993).

Plaintiff shall identify the "Doe" Defendants and file a Motion for Service that includes the full name and proper mailing address for each "Doe" Defendant within thirty (30) days.[2]

IT IS SO ORDERED this <u>19th</u> day of October, 2012.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]FED. R. CIV. P. 4(m) Time Limit for Service: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."