**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

EUGENE MORRIS,                                                                                                PLAINTIFF
REG #21068-009

v.                                           2:12CV00146-JLH-JJV

MARK ALLEN; KATHLEEN
ROWTON; MARK JANKOWSKI                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Eugene Morris is a an inmate at the Bureau of Prisons (BOP). He filed this action *pro se* pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] Defendants filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. No. 24). Plaintiff filed a Motion for Default Judgment against Defendant Kathleen Rowton (Doc. No. 37). The parties have responded to the respective motions. (Doc. Nos. 32, 39.) For the reasons below, the Court finds that the Motion to Dismiss should be granted and Motion for Default Judgment should be denied.

**I.  MOTION TO DISMISS**

Defendants argue this Complaint (Doc. No. 1) should be dismissed because Plaintiff failed to exhaust his administrative remedies prior to initiating this cause of action. (Doc. No. 24.) Plaintiff responded that the Defendants impeded his ability to exhaust his administrative remedies (Doc. No. 32), so the Court ordered Defendants to submit a reply and specific information about any grievance

---

[1] In *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Court held that victims of constitutional violations by federal agents have a right to recover damages against them in federal court, just as 42 U.S.C. § 1983 provides redress for constitutional violations by state officials. *See also Hartman v. Moore*, 547 U.S. 250, 255 n.2 (2006) (explaining that "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983").

related to the case. (Doc. No. 34.) Defendants submitted a Declaration from James D. Crook, Supervisory Attorney at the United States Department of Justice, Federal Bureau of Prisons Consolidated Legal Center in Oklahoma City, Oklahoma, and the grievances filed by Plaintiff.[2] (Doc. No. 35-1.)

When matters outside the pleadings are presented and not excluded by the court, Rule 12(d) of the Federal Rules of Civil Procedure requires that a motion to dismiss under Rule 12(b)(6) be treated as a motion for summary judgment under Rule 56. FED. R. CIV. P. 12(d); *Barron ex rel. D.B. v. South Dakota Bd. of Regents*, 655 F.3d 787, 791 (8th Cir. 2011). In such event, Rule 12(d) further requires that all parties be given a reasonable opportunity to present all the material that is pertinent to the motion. *Barron*, 655 F.3d at 791; *Van Zee v. Hanson*, 630 F.3d 1126, 1129 (8th Cir. 2011). The Court finds all parties have had a reasonable opportunity to present the necessary information in support of their respective positions. Thus, the Court will treat the Motion to Dismiss as a Motion for Summary Judgment.[2]

## A. Summary Judgment

Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986).

---

[2]In his Declaration, Mr. Crook states that as part of his official duties, he has access to the records maintained by the Bureau of Prisons (BOP) in the ordinary course of business including inmate central, medical, and administrative files. (Doc. No. 35-1 at 1.)

[2]Plaintiff also was given constructive notice that the motion to dismiss might, instead, be treated as a motion for summary judgment. Constructive notice that the court intends to consider matters outside of the complaint can be sufficient. *Country Club Estates, L.L.C. v. Town of Loma Linda*, 213 F.3d 1001, 1005 (8th Cir. 2000). "Consideration of matters outside the pleadings is harmless where the moving party had an adequate opportunity to respond to the motion and material facts were neither disputed nor missing from the record." *Van Zee*, 630 F.3d at 1129 (quoting *BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 688 (8th Cir. 2003).

Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Mosley v. City of Northwoods*, 415 F.3d 908, 910 (8th Cir. 2005) ("The nonmoving party may not 'rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial.'") (quoting *Krenik v. County of Le Sueur,* 47 F.3d 953, 957 (8th Cir. 1995).

A nonmovant has an obligation to present affirmative evidence to support his claims. *Settle v. Ross*, 992 F.2d 162, 163-64 (8th Cir. 1993). A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. *Burgess v. Moore*, 39 F.3d 216, 218 (8th Cir. 1994). Moreover, *pro se* complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). But if the opposing party fails to carry that burden or fails to establish the existence of an essential element of its case on which that party will bear the burden of proof at trial, summary judgment should be granted. *See Celotex*, 477 U.S. at 322.

**B.    Exhaustion**

The failure to exhaust administrative remedies is an affirmative defense that the defendant has the burden of pleading and proving. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005). The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002). The PLRA's exhaustion provision specifically provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this, or any other Federal law, by a prisoner confined in any jail, prison, or other

correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. at 211; *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The PLRA does not prescribe the manner in which exhaustion occurs. *See Jones v. Bock*, 549 U.S. at 922-923. The PLRA merely requires compliance with prison grievance procedures to properly exhaust. *See id*. at 922-23. Thus, the question as to whether an inmate has properly exhausted administrative remedies will depend on the specifics of that particular prison's grievance policy. *See id*. at 923-924.

The BOP Administrative Remedy Program allows inmates to seek formal review of issues related to any aspect of their confinement. 28 C.F.R. § 542.10. Inmates must first seek informal resolution by presenting the issue to the prison's staff. 28 C.F.R. § 542.13. If the inmate is not satisfied with informal resolution, the inmate may submit a Request for Administrative Remedy to warden. *Id.* If the warden's response fails to satisfy the inmate, the inmate is given twenty days to file an appeal with the Regional Director. 28 C.F.R. § 542.15. If still dissatisfied, the inmate may file an appeal to the General Counsel - the final step in the administrative remedy process. *Id.*

## II.     ANALYSIS

Plaintiff's Complaint arises from events that occurred on or about November 2, 2011, while he was incarcerated at FCI Forrest City. On December, 21, 2011, he initiated the grievance process. (Doc. No. 35-1 at 6.) On February 24, 2012, prior to receiving a response to his grievance, he was transferred to the United States Penitentiary (USP) in Coleman, Florida. (*Id.* at 2.) On March 13,

2012, Warden Outlaw responded to the grievance. (*Id.* at 8. ) Because Plaintiff failed to request any relief, the response was for informational purposes only. (*Id.*) The Warden stated, "Information gathered subsequent to the event does not corroborate the information provided to you by the other inmates." (*Id.*) Plaintiff was informed, "If you are not satisfied with this decision, you may appeal to the Regional Director," (*Id.*) but Plaintiff did not appeal.

Although Plaintiff argues that Defendants impeded his ability to appeal by transferring him, the transfer of an inmate within the same administration does not excuse the exhaustion requirement. *Napier v. Laurel County, Ky.*, 636 F.3d 218, 223 (6th Cir. 2011); *Medina-Claudio v. Rodriguez-Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (prisoner's transfer between various facilities did not affect his obligation to exhaust his administrative remedies); *Flournoy v. Schomig*, 152 Fed. Appx. 535, 537 (7th Cir. 2005) (unpublished opinion) (transfer from one state correctional facility to another did not excuse a prisoner from complying with the PLRA's exhaustion requirement); *Williamson v. Wexford Health Sources, Inc.*, 131 Fed. Appx. 888, 890 (3rd Cir. 2005) (unpublished opinion). And Mr. Crook states, "Plaintiff has used the administrative remedy program since his transfer." (Doc. No. 35-1 at 2.) Accordingly, the Court finds Plaintiff's transfer from one BOP facility to another did not impede his ability to exhaust his administrative remedies.

Plaintiff also argues that he is no longer a prisoner at the facility where the incident occurred and he is, therefore, excused from having to exhaust his administrative remedies. (Doc. No. 1 at 2.) Plaintiff's argument is misplaced. While indeed the PLRA's exhaustion requirements only apply to a "person incarcerated or detained," 42 U.S.C. § 19973(h), Plaintiff's transfer between BOP facilities is not a release from custody as he suggests.

The Court finds that Defendants did not impede Plaintiff's ability to exhaust his administrative remedies by failing to respond to his Request. The warden has twenty calendar days

to respond to a request. 28 C.F.R. § 542.18. If this time is insufficient for rendering an appropriate response, "the time for response may be extended once by 20 days[.]" *Id.* When an inmate fails to receive a response within the time allotted, including extension, the inmate may consider the absence of a response to be a denial at that level. *Id.* Plaintiff argues that the Defendants impeded his ability to exhaust his administrative remedies by failing to respond to this Request.

The evidence shows the Warden received Plaintiff's Request on January 27, 2012. (Doc. No. 35-1 at 8.) Factoring in a twenty-day extension, he had until March 7, 2012, to respond. When Plaintiff failed to receive a timely Response, he should have considered that to be a denial of his Request and proceeded to the next level.

To the extent that Plaintiff is asserting the Defendants failed to follow the BOP grievance procedure, the BOP's failure to follow its own policies or procedures, standing alone, does not amount to a constitutional violation. *United States v. Caceres*, 440 U.S. 741, 753-54 (1978); *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996). Furthermore, it is well settled that prisoners do not have a constitutional right to a grievance procedure and that the failure to respond to a grievance, standing alone, is not actionable under § 1983. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

Finally, Plaintiff asserts that because he is only seeking monetary damages, he does not have to exhaust his administrative remedies. (Doc. No. 1 at 2.) Plaintiff is mistaken. Inmates seeking only monetary damages are required to exhaust their administrative remedies prior to filing suit. *Booth v. Churner*, 532 U.S. 731 (2001); *Walker v. Maschner*, 270 F.3d 573, 577 (8th Cir. 2001).

Plaintiff failed to exhaust his administrative remedies prior to commencing this action. The Court finds that the Defendants did not impede Plaintiff's ability to exhaust his administrative remedies and that Plaintiff was not excused from having to exhaust his administrative remedies. The

Court further finds that there are no genuine issues of material fact and the Defendants are entitled to summary judgment as a matter of law. Plaintiff's Complaint (Doc. No. 1) should, therefore, be DISMISSED without prejudice for failure to exhaust administrative remedies.

### III. MOTION FOR DEFAULT JUDGMENT

Plaintiff filed a Motion for Default Judgment against Defendant Kathleen Rowton. (Doc. No. 37.) He asserts that she has failed to timely file an answer or otherwise defend this action. (*Id.*) Ms. Rowton has responded. (Doc. No. 39.)

Ms. Rowton was served with a copy of this Complaint and Summons on February 4, 2013. (Doc. No. 27.) She, along with the other Defendants, filed a Motion to Dismiss on February 13, 2013, for failure to exhaust administrative remedies. (Doc. No. 24.) Pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, defendants have twenty-one days in which to file an answer to or otherwise defend against the claims in his complaint. Ms. Rowton's Motion was well within this time frame. The Court, therefore, finds that the Plaintiff's Motion for Default Judgment (Doc. No. 37) should be denied as moot.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion to Dismiss (Construed as Motion for Summary Judgment) (Doc. No. 24) should be GRANTED.

2. The Complaint (Doc. No. 1) should be DISMISSED without prejudice for failure to exhaust administrative remedies.

3. All pending motions should be denied as moot.

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation, and the accompanying judgment, would not

be taken in good faith.

DATED this 10th day of June, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE